ORLANDO W. BROWN, Appellant, *v.* LONG ISLAND RAILROAD COMPANY, Respondent.

Second Department, May 8, 1914.

Railroad — negligence — injury to person attempting to pass in front of locomotive — evidence not justifying recovery.

Action against a railroad company to recover damages for personal injuries. The plaintiff, a passenger on the defendant's train, alighted at a station with which he was familiar. He had knowledge that the train would continue on its way and pass over a street crossing which at the time of the accident was protected by gates. The plaintiff was struck by the locomotive while attempting to pass in front of it. Evidence examined, and *held*, that a verdict for the plaintiff should be set aside as against the weight of evidence and a new trial granted.

APPEAL by the plaintiff, Orlando W. Brown, from an order of the Supreme Court, made at the Queens County Trial Term and entered in the office of the clerk of the county of Queens on the 2d day of October, 1913, setting aside a verdict of a jury in plaintiff's favor for $10,000 and granting defendant's motion for a new trial.

*Martin T. Manton* [*William H. Griffin* with him on the brief], for the appellant.

*John J. Graham* [*Henry A. Uterhart* and *Joseph F. Keany* with him on the brief], for the respondent.

Order unanimously affirmed, with costs, on the opinion of Mr.
Justice VAN SICLEN at Trial Term.

Present — JENKS, P. J., BURR, CARR, STAPLETON and
PUTNAM, JJ.

The following is the opinion delivered at Trial Term:

VAN SICLEN, J.:

The defendant moved to set aside the verdict of the jury in
favor of the plaintiff and for a dismissal of the complaint after
a trial had at the May, 1913, Trial Term; the decision of this
court having been reserved upon defendant's motion after
plaintiff had rested and at the end of the entire case.

Plaintiff was severely injured by being struck by a locomo-
tive drawing a train of cars of the defendant, after having
alighted from said train at Rockville Center at about eleven
o'clock at night. The testimony in substance, discloses the fol-
lowing facts:

Plaintiff had resided at Rockville Center, and had regularly
traveled as a passenger on defendant's trains between Rockville
Center and New York city for four years, and had used the
train which injured him several times, and was not only famil-
iar with the *locus in quo*, but also fully understood that the
train in question would immediately, after having made a way
stop at Rockville Center, continue in an easterly direction and
cross Park avenue crossing at which he was injured. At Rock-
ville Center the station is on the north side of the track, and on
the south side thereof is a cinder platform leading easterly
almost to the west side of the Park avenue crossing. The east
and west-bound tracks are separated by a fence in which there
is a sliding gate about opposite the station through which
plaintiff could have passed to the north at the rear of the train
on which he arrived. The Park avenue crossing is protected
by gates operated by a gateman from the northerly side, which
gate was down at the time of the accident.

The train in question came to a stop with the front or head
of the locomotive passed, or near, or on the westerly side of the
Park avenue crossing, the plaintiff left the train and walked
easterly along the cinder platform. At the easterly end of
said platform, which does not run or lead directly up to the

crossing, plaintiff turned southerly, crossing over the gutter away from the train, and then instead of thus continuing, which would have taken him to the south of the gate into a place of safety, he again turned and proceeded in an easterly direction alongside of the locomotive to a point on the Park avenue crossing a few feet in front of the said locomotive and inside of the gate, at which point the plaintiff claims he paused, looked toward the engineer in the cab of the locomotive, who plaintiff claims passed his hand in front of his face once, or perhaps twice, which plaintiff interpreted as an invitation to cross over, and thereupon plaintiff, in full possession of his faculties, started to cross over, knowing that the train had made only a way or temporary stop, in front of the locomotive, then as he claims, at a standstill, and before he could get clear of the tracks upon which the locomotive was standing, it was started up without any noise or warning, and the northerly or left side thereof struck plaintiff, knocked him down and ran over him. A careful reading of the testimony of the other witnesses called by the plaintiff fairly establishes the fact that the plaintiff was struck or caught by the right-hand side of the locomotive which had started with the usual noise.  Plaintiff's witness, Frank O'Callahan, stated that with another he had crossed at Park avenue from the north to the south side immediately before the train came in when the gates were down; that they went easterly along the cinder platform and saw plaintiff walking about twenty feet ahead of them; that they stopped at the end of the platform at which time the train was moving, and about one-quarter the way across the crossing when they saw the plaintiff cross on the south side of the locomotive, the wheels of which passed over him, and thereafter he crawled from under the car next to the locomotive to the other side of the track.  Said witness further testified that he and his companion or companions were waiting for the train to pass so that they could cross over to the north side.

The disputed question of a slight raising of the north gate, the failure to ring locomotive bell or give other warning of starting of the locomotive are of little importance for the reason that plaintiff had full knowledge of the situation which confronted him, and it seems, therefore, in order to support the

verdict, the evidence must disclose sufficient facts and circumstances which would warrant the jury in finding the defendant negligent and plaintiff free from contributory negligence.

Plaintiff contends that the passing of the engineer's hand in front of his face once or perhaps twice, which plaintiff interpreted as an invitation to pass over in front of the locomotive, established with other facts sufficient ground to support the verdict of the jury. A careful reading of the record shows that the plaintiff's testimony upon the point is uncorroborated and is emphatically denied by the engineer and whose act in starting the locomotive is wholly contradictory to plaintiff's claim, which is unsupported by any evidence of any word or evidence of the engineer that he intended the alleged motion as signal for plaintiff to cross or understood or realized that plaintiff interpreted the alleged motion as an invitation to cross with assurance of safety. Furthermore, plaintiff claims that he was struck on the north side of the track by the left side of the locomotive, while every other eye-witness testified that it was the right or south side. Under the authorities, whether the alleged motion of the engineer was real or imaginary or wholly fictitious, and, as defendant infers, introduced for the purpose of making out a case requiring a submission to the jury (see original complaint and bill of particulars), the verdict of the jury is clearly against the weight of evidence. (*Hatch* v. *L. S. & M. S. R. Co.,* 156 App. Div. 395; *Biggers* v. *N. Y. C. & H. R. R. R. Co.,* 157 id. 245, and cases cited; *Mearns* v. *Central R. R. Co. of New Jersey,* 163 N. Y. 108; *Flaherty* v. *Meade Transfer Co.,* 157 App. Div. 416.) Considering the evidence most favorable to the plaintiff, the claim of the plaintiff is opposed not only to all of the probabilities of the case but to natural and physical laws. It is unthinkable that the accident should have happened as claimed by the plaintiff, that the locomotive drawing a train of cars could be started up without any noise or warning, striking plaintiff down before he could clear the tracks. assuming as correct the position of the locomotive at a standstill and plaintiff's position immediately prior, thereto; that the accident happened in any way other than the plaintiff attempted to "beat over" the then moving locomotive and was caught or slipped and was struck down and run over by the locomotive is hardly

conceivable after a careful and impartial reading of the record. To permit the verdict to stand, which is clearly against the weight of evidence both as to the negligence of the defendant and the freedom from contributory negligence on the part of the plaintiff, would result in great injustice to the defendant.

Defendant's motions to set aside the verdict and for a new trial are, therefore, granted.

Verdict to set aside and a new trial granted. Exceptions thereto to plaintiff. Thirty days' stay of execution, sixty days to make and serve case, granted to plaintiff.